## DAVID HOMER *versus* EBENEZER W. THWING *et al.*

An infant, who hires a horse to go to a place agreed on, but goes to another place in a different direction, is liable in *trover*, for an unlawful conversion of the horse.

TROVER for a horse. One of the defendants was defaulted. Thwing, who was an infant, defended by guardian.

The plaintiff offered evidence, that the horse was let by him to the defendants to drive in a chaise to the Punch Bowl in Brookline, and that they went to Fresh Pond in Cambridge without leave, and afterwards to the Punch Bowl; and that the horse was returned much injured.

The counsel for Thwing contended, that as this was a transaction arising originally on contract, in which the infancy of Thwing would have been a good defence, the plaintiff should not recover upon the same facts by changing the form of his action to tort.

But the jury were instructed, for the purposes of this trial, that the action would lie against Thwing, notwithstanding his infancy; and a verdict was found for the plaintiff.

If the Court should be of opinion, that the instruction to the jury was wrong, the plaintiff was to be nonsuited; but otherwise, judgment was to be entered according to the verdict.

*Dunlap* now insisted upon the objection made at the trial *Jennings* v. *Rundall*, 8 T. R. 335, is decisive of this case The wrong here arises out of a contract, belonging to the third class of bailments in *Coggs* v. *Bernard*, 2 Ld. Raym. 913, but the wrongs for which infants are responsible must arise

Homer
v.
Thwing.

wholly *ex delicto. Johnson* v. *Pie,* 1 Lev. 169, and 1 Keb.
905, 913. If the facts here would furnish a good defence to
an action on the contract, they will to an action of tort ; for
the Court will look at the substance, rather than the form of
the action. *Bristow* v. *Eastman,* 1 Esp. R. 172 ; *S. C.*
Peake's Cas. 222 ; *Manby* v. *Scott,* 1 Sid. 129. In *Jen-
nings* v. *Rundall* it is said, that trover will lie against an
infant ; but that must be where his conduct is wholly tortious.
That was an action against an infant for riding immoderately
a mare which had been delivered to him to be moderately
ridden, and the declaration contained a count in trover, and
yet the action could not be sustained. See also 1 Dane's
Abr. 143 ; 1 Chit. Pl. 65 ; 1 Pothier on Obligations, 71.
The only case which seems to have a contrary bearing, is that
of *Wheelock* v. *Wheelwright,* 5 Mass. R. 104. That case was
decided without any allusion to the distinction now taken in
respect to an infant, that his acts must be wholly tortious to
sustain an action. In the case at bar there was only a con-
structive tort, for which an infant is not liable.

*S. D. Parker,* for the plaintiff, relied on the case last cited
of *Wheelock* v. *Wheelwright.*

*July 22nd.*    MORTON J. delivered the opinion of the Court. The de-
fence in this case is infancy. It is contended, that this action
is founded in contract, and that the defendant cannot be ousted
of this defence by changing the form of action from contract
to tort.

494    Infants are liable in actions arising *ex delicto,* but not in
those arising *ex contractu.* The defendant however contends,
that there is a qualification of this rule, and that infants are
liable for positive wrongs only, and not for constructive torts.
But we know of no such distinction, and in the case of *Jen-
nings* v. *Rundall,* so much relied upon by the defendant's
counsel, it is expressly rejected. It is true, that an infant
cannot become a trespasser by any prior or subsequent consent.
But he may be guilty of torts, as well by omissions of duty,
as by the commission of positive wrongs. 1 Chit. Pl. 65 ;
[6th Amer. ed. 87 ;] Co. Lit. 180 *b,* Butler's note 56. He
is also liable for frauds, as well as for torts. And his liability
is to be determined by the real nature of the transaction, and

**not** by the form of the action. 1 Dane's Abr. 143 ; 1 Esp. Rep. 172.

Although an infant shall not be charged in trover for goods sold to him with a knowledge of his infancy, (*Manby* v. *Scott*, 1 Sid. 129,) and although an action will not lie against an infant for affirming himself to be of full age in the execution of a contract, (*Johnson* v. *Pie*, 1 Lev. 169, and 1 Keb. 905,) yet detinue will lie against an infant for goods delivered upon a special contract for a specific purpose, after the contract is avoided ; *Mills* v. *Graham*, 1 New Rep. 140 ; and assumpsit will lie against an infant for money embezzled ; for the Court will look through the form of the action into the tortious nature of the transaction. 1 Esp. Rep. 172.

It has been holden, that trover will not lie against an infant for immoderately using a horse which he had contracted to use moderately, on the ground that the action could only be supported upon the contract. *Jennings* v. *Rundall*, before cited. But in the case at bar, the driving of the horse beyond the place to which the defendant had permission to go, was a conversion, and trover is the proper remedy. In the case of *Wheelock* v. *Wheelwright*, 5 Mass. R. 104, which in the facts, as well as the principles, is similar to this, it was decided, not only that *case* for improperly using the horse would not, but that *trover* was the only action which would lie.

Whenever trover is the proper form of action, it will lie against an infant. The defence therefore is insufficient, and judgment must be entered on the verdict.[1]

**495**

---

[1] See *Campbell* v. *Stakes*, 2 Wendell, 137; 10 Amer. Jurist, 107. But see *Penrose* v. *Curren*, 3 Rawle, 351; *Schenck* v. *Strong*, 1 Southard, 87 ; *Curtin* v. *Patton*, 11 Serg. & Rawle, 310